UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

1. CELESTIAL CHURCH OF CHRIST
   U.S.A DIOCESE

2. JOSEPH OLORUNNISOLA          SUIT NO: 22-860

         Plaintiffs

vs.          :    JURY TRIAL DEMANDED

1. PATRICK EMEKA MOSLEY
2. ANTHONY IREMIREN

         Defendants

## CIVIL ACTION COMPLAINT

COMES NOW, Plaintiffs, by counsel, and complains of Defendant as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $ 100,000.00.

2. This Court has personal jurisdiction over the Defendants because the false and defamatory statements made by Defendants were published in the State of New York, and online to the world at large, targeted the Plaintiffs, including the Second Plaintiff and members of the 1st Plaintiff church with untrue defamatory statements.

3. This Court has venue under 28 U.S.C. § 1391(a)(2) because a substantial portion of the events that gave rise to Plaintiff's claims touched on and affected the Plaintiffs and the members of the first Plaintiff church in the State of New York, including the publication or republication of the defamatory statements and the damage to Plaintiffs' reputation, standing and character in the case of the Second Plaintiff.

## PARTIES

4. The first Plaintiff is a Not for Profit spiritual, evangelical and religious organization organized in the State of Delaware and has about 90 parishes in 25 states in the U.S.A and about 6,000 members, inclusive of New York State, where the first Plaintiff has about 9 parishes. The First Plaintiff's Registration documents throughout the United States are annexed hereto and marked Exhibit A-D respectively.

5. The second Plaintiff, Joseph Olorunnisola, is the Spiritual Head of the Celestial Church of Christ, U.S.A Diocese, a Citizen of the United States and a resident of the State of New Jersey and with his address at 46 Weber Avenue, Trenton New Jersey 08638.

6. The Defendant Patrick Emeka Mosley is, and at all times relevant hereto, a resident of the District of Columbia who lives at 6200 Chillum Place NW, Washington DC, and a member of the Celestial Church, Metro Parish, Washington D.C.

7. The Second Defendant, Anthony Iremiren, is the former Grand Patron of the First Plaintiff and resides at 2020 Featherbed Lane, Apt No. 234, Gwyn Oak, Maryland 21207.

## FACTUAL STATEMENTS

8. This case is about repeated acts of defamation, Slander and Slander per se committed by the defendants in several online broadcasts.

9. On or about the 21st day of January, 2022, the First Defendant in an audio post published inter-alia on celestialnewsonline.com and speaking on behalf and for the Second Defendant,

referring to a video produced by the Plaintiffs, in which they had announced the upcoming Spiritual Convention of the Church, stated that the upcoming convention of the Church, organized by the Plaintiffs was " a scam,prank and gimmick" thereby suggesting that the Plaintiffs were intending to use the event as a "gimmick" to defraud unsuspecting members of the Church.

10. On or about the 21st day of January, 2022, the First Defendant, referring to himself as "Victory, Evangelist at Large" in an audio post published on celestialnewsonline.com referring to the aforesaid convention video produced by the Plaintiffs, stated as follows:

" I, Victory, I am coming to all members (sic) I have done my research. I have talked, I have spoken to people I supposed to talk to (sic) about that video and all of them have agreed and attested that the video was a scam or is a scam. (sic) So I decided to come up to unto my broadcast (sic), to my brothers and sisters, my friends of Celestial Church of Christ and well wishers of this last ship to tell you, that do not fall for this video (sic) that is making its rounds in social media. To tell you that you have to warn you (sic) and to give you this caution (sic) and try to tell you that you have to be careful and guard yourself against this very video clip (sic)".

11. That in essence, the Slanderous words were spoken by the First Defendant to portray the First Plaintiff as a fraudulent Spiritual Organization and the Second Plaintiff as a fraudster and scammer.

12. That this Slanderous publication was also intended to lower and degrade the Plaintiffs in the eyes of the Church Congregation and the society at large.

13. These Defamatory statements were made without any basis in fact and solely to disparage and embarrass the First and Second Plaintiffs and the statements contained in the posts were false in that the Plaintiffs have never planned to do any of the despicable things the Defendants in their said audio post claimed, the issues alleged are not true and the same was intended to cause harm and ill thoughts of the Plaintiffs.

14. To be clear, the Plaintiffs have held similar conventions successfully every year from the year 2011 till date (except that the convention was cancelled in 2021 due to the scourge of the COVID-19 Pandemic).

15. That the Plaintiffs' asides from consulting with the Board of Trustees of the First Plaintiff Not for Profit Organization, do not need to consult nor seek the permission of anyone else to hold a convention. See First Plaintiff's constitution annexed hereto and marked Exhibit E.

16. The Defendants made the false statements of facts in the audio post in order to cause the Plaintiffs harm.

17. These posts have been further shared with other people (unknown to Plaintiffs) and will likely continue to be published in the future, and would cause people to think ill of Plaintiffs and hurt their reputation.

18. The said audio post has been widely circulated on Whatsapp and published to over two hundred thousand people and has lowered the estimation of the Plaintiffs in the eyes of the general public who understood its libelous meaning and that the posts referred to Plaintiffs and has caused harm to Plaintiffs' reputation and status.

19. That the publication of this audio post is ongoing.

## FIRST CAUSE OF ACTION – SLANDER

20. The allegations contained in paragraphs 1 – 19 above, are repeated as if fully rewritten herein.

21. The statements contained in the posts published by Defendants are false and untrue.

22. Defendants knew the statements to be false and untrue, and Defendants acted intentionally in causing the publications to be published.

23. Defendants were negligent, wanton, careless and/or acted recklessly knowing that the statements contained in the publication were false and untrue before publishing it.

24. As specified below, Plaintiffs were injured and damaged by the publishing of these posts.

## SECOND CAUSE OF ACTION – SLANDER PER SE

The Plaintiffs hereby repeats and re-alleges each and every allegation in paragraphs 1 through 19 as if fully set forth herein.

25. The first and Second Defendants published or caused to be published defamatory statements about the Plaintiffs.

26. These defamatory statements were untrue and defamatory in that they falsely reported the Second Plaintiff's character, and the first and second Defendants knew, or should have known that such statements were false.

27. The first and second Defendants published or caused the statements to be published with malice and with knowledge of their falsity and/or a reckless disregard for the truth or falsity of these statements.

28. These statements constitute Defamation and/or Slander per se because they falsely impugn the Second Plaintiff's Character and dependability, and have caused the 2nd Plaintiff embarrassment, humiliation, ridicule and emotional injury.

29. As a result of the said defamation, the Second Plaintiff continues to suffer from humiliation, loss of standing in society, Professional disrepute, loss of self esteem, public disgrace, severe and extreme emotional distress.

30. As a result of the conduct of the first and second Defendants, the Plaintiffs are entitled to monetary and punitive damages.

## THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. The allegations contained in paragraphs 1 – 19, above, are repeated as if full rewritten herein.

32. By the act of publishing the article, Defendants intended to cause harm to Second Plaintiff

who has suffered physical, mental, economic harm and emotional distress.

33. The Defendants' intentionally caused the posts to be published with reckless disregard of the probability that doing so will cause emotional distress to the Second Plaintiff.

34. The actions of the Defendants caused the Second Plaintiff to suffer mental anguish and emotional distress and he was injured thereby.

**FOURTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

35. The allegations contained in paragraphs 1 – 19, above, are repeated as if fully rewritten herein.

36. The mental anguish and emotional distress suffered by Second Plaintiff are serious or severe.

37. Second Plaintiff was injured by the actions of the Defendants as demonstrated below.

**FIFTH CAUSE OF ACTION – PUNITIVE DAMAGES**

38. The allegations contained in paragraphs 1 – 19, above, are repeated as if fully rewritten herein.

39. The actions of the Defendants were wanton, reckless and willful.

40. The Defendants published the posts with reckless disregard and indifference knowing that the statements contained in the publications were false and untrue before publishing it.

41. As specified below, the actions of the Defendants have caused tremendous injury to Plaintiffs.

**SIXTH CAUSE OF ACTION- PRELIMINARY AND PERMANENT INJUNCTION**

PLAINTIFFS restate and re-aver each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

42. Upon information and belief, some or all of the improper and unlawful conduct of all the DEFENDANTS alleged above is continuing and will continue in the future absent injunctive relief from the Court, and PLAINTIFFS will continue to be damaged by the same.

43. In the absence of the entry of a Preliminary and Permanent Injunction by the court, Plaintiffs will suffer serious and irreparable harm and injury, including but not limited to damage of their respective reputations.

44. The entry of a Preliminary and Permanent Injunction will not in any way harm or burden the Defendants.

45. Public policy favors the entry of a Preliminary and Permanent Injunction because, inter alia, such relief will prevent unlawful conduct and will preserve and protect PLAINTIFFS' respective reputations.

## SEVENTH CAUSE OF ACTION- PUNITIVE DAMAGES

Plaintiffs restate and re-aver each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

46. Defendants' aforementioned conduct was conscious, deliberate, intentional, and/or reckless in nature.

47. Defendants' aforementioned conduct was undertaken in a state of mind, which evidences hatred, ill will, or a spirit of revenge.

48. Defendants' aforementioned conduct evidences a conscious disregard for the rights of other persons and has a great probability of causing substantial harm.

49. As a result, Plaintiffs are entitled to punitive damages and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE, THE** Plaintiffs, pray that this Court enters judgment in their favor and against the First and Second Defendants as follows:

A. An Injunction and Order permanently restraining the Defendants from engaging in such unlawful conduct.

B. An award of damages in excess of twenty million dollars ($20,000,000.00) as against the First and Second Defendants jointly and severally to compensate the Plaintiffs for all monetary and economic harm, including irreparable damage to their reputation and standing.

C. An award of damages in an amount to be determined at trial, as against the First and Second Defendants plus prejudgment interest, to compensate the Plaintiffs for all non-monetary or economic loss, and compensation to the Second Plaintiff for mental anguish, emotional distress, depression and a myriad of health problems.

D. An award of punitive damages as against the First and Second Defendants.

E. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated this 1st day of February, 2022.

/s/ Ike Agwuegbo
Ike Agwuegbo & Co. P.C 15
Ocean Avenue, Suite 2C,
Brooklyn, New York,
N.Y. 11225